UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**TENESITA M. KINIKINI and MYLA LYNNETTE KINIKINI,**<br><br>Debtors. | Case No. 19-00134-TLM |
| **CRAIG CUNNINGHAM,**<br><br>Plaintiff,<br><br>v.<br><br>**TENESITA M. KINIKINI,**<br><br>Defendant. | Adv. No. 19-06032-TLM |

**MEMORANDUM OF DECISION**

In this adversary proceeding, Craig Cunningham ("Cunningham") contends that chapter 7 debtor Tenesita Kinikini ("Kinikini") willfully and maliciously injured him by making numerous telephone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and, therefore, Cunningham's claim should be nondischargeable under 11 U.S.C. § 523(a)(6).[1] The matter comes before the Court on

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532 and Rule citations are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

Cunningham's motion for summary judgment, Adv. Doc. No. 12 ("Motion").[2]  A hearing on the Motion was held on September 9, 2019, after which the matter was taken under advisement.

**BACKGROUND**

On May 12, 2015, Cunningham sued Kinikini and others in the United States District Court for the Middle District of Tennessee[3] for his alleged violation of the TCPA.  Adv. Doc. No. 1-1 at 5.  Cunningham alleged that Kinikini made multiple calls to his two cell phones in relation to and in furtherance of a scam targeting individuals with student loan debt.  *Id.* at 6.  He further alleged that these calls solicited fees for preparation of student loan consolidation and repayment documents and falsely promised student loan forgiveness.  *Id.*

Though Kinikini did not participate in the Tennessee Case, Cunningham testified under oath at a damages hearing before a magistrate judge.  *Id.* at 8.  After the damages hearing, the magistrate judge issued a report and recommendation to the district judge.  This report resolved a discrepancy in Cunningham's pleadings regarding the number of phone calls and ultimately recommended Kinikini be found jointly and severally liable for eighty-three phone calls.  *Id.* at 2, 8, and 10.  Further, the magistrate judge recommended the district court exercise its discretion to award treble damages against the defendants in that case, including Kinikini, jointly and severally in the amount of

---

[2] Filings in the docket in this adversary proceeding are referred to as Adv. Doc. No.

[3] *Cunningham v. Select Student Loan Help, et al*, case 3:15-cv-00554 (M.D. Tenn. 2018) (hereinafter "Tennessee Case").

MEMORANDUM OF DECISION - 2

$249,000.  *Id.* at 9-10.  The district judge adopted the magistrate judge's recommendation and entered default judgment in the amount of $249,000.  *Id.* at 2.

On February 13, 2019, Kinikini filed his voluntary chapter 7 petition.  Cunningham's motion contends summary judgment declaring Cunningham's claim nondischargeable under § 523(a)(6) is appropriate based on the default judgment's preclusive effect on the issue of willful and malicious injury to Cunningham.  Adv. Doc. No. 12.

**DISCUSSION AND DISPOSITION**

**A.    Summary Judgment Standard**

This Court recently summarized:

Federal Rule of Civil Procedure 56, incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact, after which the opposing party must provide evidence establishing a genuine issue of material fact.  *Poole v. Davis (In re Davis)*, 2012 WL 4831494, *2 (Bankr. D. Idaho Oct. 10, 2012) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  But even if the opposing party fails to establish the existence of disputed facts, the moving party must still establish it is entitled to judgment as a matter of law.  *See North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227–28 (holding the trial court erred by resting its grant of summary judgment on the opposing party's failure to file a response).

Additionally, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' are inappropriate at the summary judgment stage."  *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 861 (9th Cir. 2011) (alteration in original) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  And all

MEMORANDUM OF DECISION - 3

justifiable inferences must be drawn in favor of the non-moving party. *Id*. (citing *Anderson*, 477 U.S. at 255).

*B.K.L.N. v. Finlay* (*In re Finlay*), 2019 WL 3294804, *2 (Bankr. D. Idaho Jul. 22, 2019) (quoting *Gugino v. Clark's Crystal Springs Ranch, LLC* (*In re Clark*), 2014 WL 2895428, *2 (Bankr. D. Idaho Jun. 25, 2014)).

In addition, this Court has noted that "causes of action . . . that contain an express element of intent, are generally unapt candidates for summary adjudication," and "when intent is at issue, summary adjudication is likely inappropriate." *Boise City v. O'Brien* (*In re O'Brien*), 2011 WL 1457304, *2–3 (Bankr. D. Idaho Apr. 15, 2011) (denying a motion for summary judgment on a claim of nondischargeablility arising under § 523(a)(2)(A)). Nonetheless, the court must "evaluate the entirety of the record that is presented." *Id.* at 3.

### B. Local Bankruptcy Rule 7056.1

Kinikini correctly notes that Cunningham failed to provide a statement of undisputed facts in a document separate from the Motion consistent with Local Bankruptcy Rule 7056.1(b)(1)(A) which provides:

> The moving party shall provide simultaneously with its motion, *in a document separate from all others*, a statement of asserted undisputed facts. The statement shall not be a narrative but shall set forth each fact in a separate, numbered paragraph. For each fact, the moving party shall provide a specific citation (including page, paragraph, and/or line number as appropriate) to an affidavit, deposition, or other portion of the record establishing such fact. *Failure to submit such a statement in compliance with this rule constitutes grounds for denial of the motion without hearing*.

(emphasis added). Though noncompliance with the rule may be fatal to the moving party's summary judgment motion, the Court retains discretion to consider the motion.

MEMORANDUM OF DECISION - 4

*Reynard v. Green Valley Lake Holdings, LLC* (*In re Resler*), 2019 WL 1510335, at *2 n.6 (Bankr. D. Idaho Mar. 4, 2019).

Here, while Cunningham failed to provide a separate document with a statement of undisputed facts contemporaneously with his Motion, he provided a separate statement after Kinikini filed his opposition to the Motion. Adv. Doc. No. 20. At the September 9 hearing, Kinikini acknowledged the real issue before the Court was a "matter of law," indicated the deficiencies in Cunningham's pleadings did not interfere with his ability to address the legal arguments, and did not dispute Cunningham's contention that the earlier failure to provide a separate statement of facts was not prejudicial. The Court exercises its discretion to consider the merits despite Cunningham's failure to contemporaneously provide a separate statement of undisputed facts as required by the Local Rule.

### C.    Issue Preclusion

Section 523(a)(6) provides that a "discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." Cunningham contends the Tennessee Case default judgment conclusively establishes both the "willful" and "malicious" elements of § 523(a)(6) because the judgment awarded treble statutory damages based on a finding of willful or knowing violation of the TCPA. Adv. Doc. No. 12-1 at 5.

Issue preclusion bars relitigation of issues actually litigated in a prior adjudication, and this doctrine applies in bankruptcy discharge proceedings. *Frye v. Excelsior College* (*In re Frye*), 2008 WL 8444822, at *4 (9th Cir. BAP 2008) (citing *Grogan v. Garner*,

MEMORANDUM OF DECISION - 5

498 U.S. 279, 284 (1991)); *Gamble v. Overton* (*In re Overton*), 2009 WL 512159, at *3 (Bankr. D. Idaho Jan. 26, 2009). [4]  The preclusive effect of a prior federal court judgment is an issue of federal law.  *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); see also *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992)); *U.S. v. Hart* (*In re Hart*), 563 B.R. 15, 45 (Bankr. D. Idaho 2016); *Overton*, 2009 WL 512159, at *3.[5]

"The Supreme Court treats the Restatement (Second) of Judgments as the authoritative statement of federal issue preclusion doctrine."  *Frye*, 2008 WL 8444822, at *4 (citing *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).  The Restatement provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982).  This Court derived a six-part test to determine whether a prior federal court judgment has preclusive effect:

> The five threshold requirements are (1) identical issue; (2) actually litigated in the prior proceeding; (3) necessarily decided in that proceeding; (4) the former decision is final and on the merits; and (5) the party against whom preclusion is sought is either the same, or in privity with, the party in the prior proceeding. The sixth element is a mandatory additional inquiry as to whether imposition of preclusion in the particular setting would be fair and consistent with public policy.

---

[4] Cunningham incorrectly argued that the doctrine of claim preclusion applies.  *See* Adv. Doc. No. 12-1 at 3-4.  The relevant doctrine is one of issue preclusion.  *See Overton*, 2009 WL 512159, at *3.

[5] Cunningham also contended Kinikini should be "judicially estopped" from challenging his judgment because Kinikini listed the judgment on his schedules but did not mark it as "disputed." Cunningham failed to adequately support this argument or to establish the elements of judicial estoppel. *See generally Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013).

MEMORANDUM OF DECISION - 6

*Hart*, 563 B.R. at 45 (citing *Wisdom v. Gugino* (*In re Wisdom*), 2016 WL 1039694, at *16–17 (Bankr. D. Idaho Mar. 15, 2016); *Cogliano v. Anderson* (*In re Cogliano*), 355 B.R. 792, 802–03 (9th Cir. BAP 2006); *Khaligh v. Hadaegh* (*In re Khaligh*), 338 B.R. 817, 824–25 (9th Cir. BAP 2006); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011)).

After evaluating the record and the parties' arguments under this standard, this Court finds Cunningham's reliance on issue preclusion unpersuasive.

### 1. Actually Litigated

The Restatement provides: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e (Am. Law Inst. 1982). Likewise, Ninth Circuit precedent provides that a default judgment is not generally entitled to collateral estoppel effect. *U.S. v. Gottheiner* (*In re Gottheiner*), 703 F.2d 1136, 1140 (9th Cir. 1983) (citing *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981); *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, 146 (1st Cir. 1980); *Matter of McMillan*, 579 F.2d 289, 293 (3d Cir.1978)) (distinguishing in dicta an uncontested motion for summary judgment from an entry of default judgment in an uncontested case). However, case law also makes clear that a prior default judgment may be entitled to preclusive effect if the party to be bound "substantial[ly] participate[d] in an adversary contest in which the party is afforded reasonable opportunity to defend himself on the merits" before the entry of default judgment. *FDIC v. Daily* (*In re Daily*), 47 F.3d 365, 368 (9th Cir. 1995) (distinguishing an ordinary default judgment, where a party simply decides that the burden of litigation

MEMORANDUM OF DECISION - 7

outweighs the claim and fails to appear, from a default judgment entered after the defendant participated and obstructed the discovery process).

Cunningham relies on *Baltimore-Washington Tel. Co. v. Horne* (*In re Horne*), 2012 WL 3023968 (Bankr. E.D. Tex. Apr. 11, 2012), to support his argument that issue preclusion is applicable where there is an evidentiary hearing establishing damages under the TCPA. *Id.* at *6–9 (applying issue preclusion to a prior default judgment where the plaintiff testified under oath at a default damages hearing and the defendant did not appear). However, this Court does not find *Horne* persuasive. Not only is this decision outside the Ninth Circuit, *Horne*'s analysis of the actually litigated element was conclusory, and the decision does not clearly identify any substantial participation by the defendant prior to the entry of default.

Cunningham also argues for a "flexible application" of the actually litigated requirement. Adv. Doc. No. 21 at 4. To support this argument, he relies on the Court's reasoning in *Catmull v. Vierra* (*In re Vierra*), 2008 WL 695027 (Bankr. D. Idaho Mar. 12, 2008). In *Vierra*, this Court considered whether a default judgment entered by an Idaho state court was entitled to issue preclusive effect. 2008 WL 695027, at *1. The *Vierra* decision is inapplicable to this case because federal common law determines the preclusive effect of a default judgment entered by a federal court with federal question jurisdiction. *See Taylor*, 553 U.S. at 891. Instead, *Gottheiner* and *Daily* are controlling, and a default judgement is not generally entitled to preclusive effect unless a defendant has substantially participated. *Daily*, 47 F.3d at 368; *Gottheiner*, 703 F.2d at 1140.

MEMORANDUM OF DECISION - 8

Cunningham argues that Kinikini was aware of the proceedings in Tennessee having received service of process. Adv. Doc. No. 12-1 at 4. This merely establishes that Kinikini had an opportunity to respond to the complaint and participate in the proceedings regarding the alleged TCPA violations. But Cunningham admits that "[a]t no time did the Debtor object, appeal, or contest the judgment or defend themselves [*sic*] in the action in any way." Adv. Doc. No. 12-1 at 3. The record supports this as well. *See* Adv. Doc. No. 1-1 at 8 ("The Defendants have failed to appear in this matter at any point in the proceedings.").

Even though the default judgment was entered after an evidentiary damages hearing, Kinikini did not participate or actually litigate any issues in the Tennessee Case before the entry of default judgment. Therefore, the actually litigated element required under federal precedent is not met, and issue preclusion is inapplicable.

## CONCLUSION

For the foregoing reasons, Cunningham's motion for summary judgment will be denied. An order will be entered accordingly.

DATED:  September 20, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9